■ EMPIRE ENTERTAINMENT GROUP, L.L.C., Respondent, v WANDERLUST PICTURES, INC., et al., Appellants. [763 NYS2d 296] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 29, 2002, denying defendants' cross motion to stay the action pursuant to CPLR 2201, or, in the alternative, pursuant to CPLR 7503 (a), and to compel arbitration, denying defendants' motion to vacate a default judgment entered for failure to appear at a status conference, and granting plaintiff's cross motion to stay arbitration, unanimously reversed, on the law, with costs, defendants' motion to vacate the default judgment and reinstate their answer granted, defendants' cross motion to stay the action and to compel arbitration granted, and plaintiff's cross motion to stay arbitration denied. Order, same court and Justice, entered October 11, 2002, which, insofar as appealed from, granted plaintiff's motion to grant it title to the unreleased motion picture "Box Marley" to the extent of granting plaintiff permission to remove the negative from the laboratory where it was stored by defendants, unanimously reversed, on the law, with costs, plaintiff's motion denied in its entirety, and the permission granted plaintiff to remove the film from the laboratory vacated.

Where the failure of counsel to appear at the July 18, 2001 status conference was attributed to the failure of an office assistant to calendar the date and defendants submitted an affidavit of merit, it was an improvident exercise of the court's discretion to strike defendants' answer and to refuse to vacate the resulting default judgment, particularly where there was no evidence of willfulness. Notwithstanding the court's contrary conclusion, the attorney's failure to keep advised of a scheduled court date is not per se an unreasonable excuse. Defendants' cross motion to compel arbitration should have been granted inasmuch as there is clear and convincing evidence in the record that the parties executed the second amendment to the Deal Memo, providing for binding arbitration of any claim for breach of the agreement.

Finally, although the motion court declined to rule on the issue of title to the unreleased film, absent any judgment in plaintiff's favor to secure title and in light of the provision in the second amendment explicitly assigning all rights in the film to Wanderlust in settlement of the parties' disputes, the remedy granted unduly interfered with defendants' property rights and is contrary to our courts' longstanding policy favoring settlement agreements. Furthermore, the order allowing plaintiff to take and complete the film violated the spirit, if not the letter, of CPLR 3215 (b), because it effectively granted, on

default, relief not requested in the pleadings. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.